UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| REBECCA JEAN LINAM, § § *Plaintiff*, § § v. § § CHARLES EDWIN BLAKLEY, JR., § HOBBY LOBBY STORES INC., and § PROGRESSIVE COUNTY MUTUAL § INSURANCE COMPANY, § § *Defendants*. § | Civil Action No. 3:25-CV-0832-X |

### MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Rebecca Jean Linam's motion to remand (Doc. 9). Having considered the parties' arguments, the underlying facts, and the applicable caselaw, the Court **GRANTS** Linam's motion to remand, and **REMANDS** this case back to the 160th Judicial District Court of Dallas County, Texas

### I.   Background

This is a car wreck case removed from state court. Plaintiff Rebecca Jean Linam was injured when Defendant Charles Edwin Blakley, Jr. allegedly rear-ended her vehicle while in traffic on I-35 in Dallas. Linam alleges that Blakley was driving a vehicle owned by Defendant Hobby Lobby in the course and scope of his employment for Hobby Lobby.

Linam filed her suit in state court against Blakley, Hobby Lobby, and her insurance company, Progressive County Mutual Insurance Company on

1

January 26, 2024.[1] Progressive is a Texas resident. Linam filed a nonsuit against Progressive pursuant to a Rule 11 agreement on March 5, 2025. The state court granted that nonsuit on March 25, 2025. The two remaining, diverse defendants, Blakley and Hobby Lobby, then removed this case to federal court, alleging that Linam joined Progressive in bad faith to avoid removal. Linam moved to remand the case to state court.

## II.  Legal Standard

A party may remove a civil action from state to federal court if "the district courts of the United States have original jurisdiction."[2] A case must be removed to federal court within one-year of when the action was originally filed, "unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."[3]

## III.  Analysis

Here, the issue before the Court is one of timeliness. Linam moved to remand this case arguing that the removal was untimely and she did not act in bad faith, as alleged in the notice of removal. Hobby Lobby and Blakley argue that Linam acted in bad faith by joining the non-diverse Progressive and did not non-suit Progressive until after the one-year removal period had passed, and intentionally delayed such a non-suit. The Court does not find Hobby Lobby and Blakley's arguments regarding bad faith to be persuasive.

---

[1] Doc. 7-2 at 2.
[2] 28 U.S.C. § 1441.
[3] 28 U.SC. § 1446(c)(1).

Linam commenced this case on January 26, 2024 upon filing her original petition in Dallas County.[4] Therefore, the one-year removal period would expire on January 26, 2025. While Hobby Lobby asserts multiple alleged delays as evidence of Linam's bad faith, this is a simple question of time. Progressive sent a dated draft Rule 11 agreement to Linam's counsel on January 28, 2025[5]—two days after the one-year removal period expired. The Court is not blind to the fact that it took Linam's counsel over a month to sign this agreement, but the fact remains that even had Linam's counsel executed on January 28, 2025 and filed a non-suit that very day, the one-year period had passed.

Further, the non-suit and Rule 11 agreement was not without consideration, or "for free," as the Fifth Circuit held in *Hoyt v. Lane Construction Corp.*[6] In that case, the Court found the plaintiff dismissed the non-diverse defendant two days after the one-year deadline expired, without receiving any consideration, and without any serious efforts to establish the defendant's liability.[7] Here, the Rule 11 agreement and subsequent non-suit includes that Linam's claims against Progressive are dismissed *without prejudice*, and Progressive agrees to be bound by the final judgment or settlement agreement against the remaining defendants, i.e., Progressive will pay out should the other Defendants' policy limits be satisfied.

---

[4] Doc. 7-2 at 2.

[5] Doc. 9-1, 9-2.

[6] 927 F.3d 287, 292 (5th Cir. 2019).

[7] *Id.* at 392.

Because there is no evidence of bad faith and the removal was untimely, the Court need not consider whether or not Progressive was improperly joined.

## IV.     Conclusion

For the reasons stated above, the Court **GRANTS** Linam's motion to remand, and **REMANDS** this case back to the 160th Judicial District Court of Dallas County, Texas.

**IT IS SO ORDERED** this 8th day of July, 2025.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE